UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONNY RAY MARTIN,                       CASE NO.: 8:06-CV-234-T-24TBM

    Plaintiff,

vs.

JLG INDUSTRIES, INC.,
A Foreign Corporation, and
RENTAL SERVICE CORPORATION, U.S.A., INC.,
A Foreign Corporation, Jointly and Severally,

    Defendants.
_____/

### AGREED ORDER ON DEFENDANT'S, RENTAL SERVICE CORPORATION, U.S.A., INC., A Foreign Corporation, Jointly and Severally, AMENDED UNOPPOSED MOTION FOR INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF, SONNY RAY MARTIN

This cause having come to be heard on Defendant's, RENTAL SERVICE CORPORATION, U.S.A., INC., A Foreign Corporation, Jointly and Severally ("RSC"), Motion for Independent Medical Examination of Plaintiff, SONNY RAY MARTIN, and the Court being apprised of an agreement between counsel, it is hereby:

ORDERED AND ADJUDGED that RSC's Unopposed Motion is granted. Specifically, discussion about the subject incident shall be limited to the Plaintiff advising the doctor about the areas of his body he claims were injured by his fall. Additionally, discussion about Plaintiff's prior medical history shall be limited to Plaintiff's neck, spine and extremities. Discussion about the Plaintiff's current treatment, condition, and complaints is acceptable.

No x-rays or invasive testing shall be performed upon the Plaintiff. This item is without prejudice such that should the examining doctor determine that such x-rays or

invasive testing is necessary, that defense counsel may request permission for same from the Court at a later date.

It is permissible for a videographer and/or court reporter to attend the examination with the Plaintiff. Additionally, it is also permissible for Plaintiff's counsel or a representative of counsel's office to attend the examination provided that defense counsel is advised of such intended attendance 48 hours prior to the examination. Additionally, if Plaintiff's counsel or a representative of counsel's office does attend the examination said individual shall not interfere with the examination, except to, in a non-combative and non-argumentative way, ensure compliance with this Order.

In accordance with case law, the examining doctor's testimony will be limited to the opinions in his report except for additional information that may come to light or be provided to the doctor. In such a case, the examining doctor shall then supplement his report. The initial report will be provided no later than 30-days after the examination.

The examining doctor will not comment on the reasonableness or unreasonableness of the expense or cost of Plaintiff's past medical bills in his report. However, this item is without prejudice such that the Court will later determine if the examining doctor may comment on the reasonableness or unreasonableness of the expense or cost of Plaintiff's past medical bills at the time of trial.

DONE AND ORDERED in Chambers, at Tampa Division, Hillsborough County, Florida this 5th day of March 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
Adam Brum, Esq.         (Counsel for Plaintiff);
James Asher, Esq.       (Counsel for JLG);
Joseph P. Trabucco, Esq. (Co-counsel for JLG) &
James L. White, III, Esq. (Counsel for RSC)