UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONNY RAY MARTIN,

    Plaintiff,

v.                                                                                                   Case No.: 8:06-CV-234-T-24TBM

JLG INDUSTRIES, INC., ET AL.,

    Defendants.
_____/

**<u>ORDER</u>**

    This cause comes before the Court on Defendant Rental Service Corporation's ("RSC") Motion in Limine Regarding Statements or Opinions Concerning Its Policy on Fall Restraint for Its Employees or Any Other Employee Policy. (Doc. No. 88). Plaintiff opposes the motion. (Doc. No. 105).

    In this motion, RSC argues that Plaintiff should be precluded from making any references to RSC's internal policy on fall restraints for its employees, because its own policy is irrelevant to the issues in this case. Plaintiff responds that RSC's internal policy is relevant, because "[i]n weighing the importance of using fall restraints while operating a scissor lift, the jury should be entitled to consider what RSC required of its own employees." (Doc. No. 105). Additionally, Plaintiff argues that "a reasonable jury could easily conclude that as part of the familiarization process RSC owed [Plaintiff's employer] a duty to provide the same instructions regarding the use of fall restraints that it provided to its own employees, as the standard of care applicable to the use of this dangerous equipment is the same for all users, regardless of where they are employed." (Doc. No. 105). The Court is not persuaded by Plaintiff's arguments and

finds that RSC's internal fall restraint policy is irrelevant to the issues in this case.

Accordingly, it is ORDERED AND ADJUDGED that the motion is **GRANTED**, and the parties and witnesses are precluded from making any references to RSC's fall restraint policy.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of October, 2007.

Copies to: Counsel of Record

SUSAN C. BUCKLEW
United States District Judge