UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SONNY RAY MARTIN,

      Plaintiff,

v.                                          Case No.: 8:06-CV-234-T-24TBM

JLG INDUSTRIES, INC., ET AL.,

      Defendants.

_____/

## ORDER

This cause comes before the Court on four motions in limine (Doc. No. 106, 109, 110, 111, ) and the responses thereto (Doc. No. 123, 125, 126, 127, ).

## I.  Social Security and Worker's Compensation Claims (Doc. No. 111)

Plaintiff moves the Court to preclude any mention or reference to the fact that Plaintiff has filed a claim for social security benefits, that Plaintiff has filed a claim for worker's compensation, and the results of these claims.  Defendant responds that it is not seeking to admit evidence of these claims, provided that these issues will be adjudicated at a post-trial hearing regarding any set-offs available under Florida law.  Accordingly, the Court grants this motion.

## II.  Plaintiff's Representation (Doc. No. 109)

Plaintiff also moves the Court to preclude any mention of the fact that he is being represented by the law firm of Morgan & Morgan, P.A., because that fact is completely irrelevant to any issue in this case and some people hold very strong beliefs against attorneys who advertise.  Defendant responds that it is necessary to ask potential jurors whether they have ever been represented by Morgan & Morgan and whether any of the jurors is actually employed

by, or is acquainted with an employee of, Morgan & Morgan.

Upon consideration, the Court will allow Defendant to question potential jurors about these issues, and Plaintiff is free to question the jurors about their potential bias against lawyers who advertise and Morgan & Morgan in particular.  As such, Plaintiff's motion is denied.

### III.  Arrests, Convictions, and Incarceration (Doc. No. 110)

Plaintiff also moves to preclude any reference to the following: (1) that he was convicted of a felony (third degree burglary) on April 14, 1997; (2) that he was convicted of a misdemeanor (possession of marijuana) on September 26, 1997; (3) that his probation was revoked for testing positive for marijuana on February 1, 1999; (4) the length of time that he was incarcerated; and (5) any other arrests or convictions that have not been produced or identified to Plaintiff by Defendant.  Defendant responds that it is not opposing Plaintiff's motion to the extent that he seeks to preclude any reference to the fact that he was convicted of a misdemeanor (possession of marijuana), that his probation was revoked, or the length of time that he was incarcerated.

Defendant opposes the motion to the extent that Plaintiff seeks to exclude any reference to the fact that he was convicted of a felony (third degree burglary) on April 14, 1997.  Defendant disputes Plaintiff's argument that this conviction should be excluded because it is more than ten years old, pursuant to Federal Rule of Evidence 609.  Rule 609 provides:

> **(a) General rule**.--For the purpose of attacking the character for truthfulness of a witness,
>
> > **(1)** evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by . . . imprisonment in excess of one year under the law under which the witness was convicted . . .; and
> >
> > **(2)** evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of

2

dishonesty or false statement by the witness.

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

F.R.E. 609.

Defendant argues that this conviction should not be excluded because: (1) more than ten years have not elapsed since the date of Plaintiff's release from the confinement imposed for the burglary conviction; (2) burglary is a crime of dishonesty; and (3) the probative value of the conviction outweighs its prejudicial affect, because it relates to the issue of damages–namely, lost earnings.

Upon consideration, the Court finds that this conviction should not be excluded.  The burglary conviction is not over ten years old, since Plaintiff was released from prison on March 6, 2000.  If Plaintiff testifies, this conviction can be used to impeach his credibility. Additionally, the Court finds that this conviction is relevant to his lost earnings calculation and that its probative value outweighs its prejudicial effect.  Accordingly, the Court denies the motion as to Plaintiff's burglary conviction.

With respect to Plaintiff's request that any other arrests or convictions that have not been produced or identified to Plaintiff by Defendant be excluded, there has been no argument before the Court that such arrests or convictions exist.  As such, the Court denies this portion of the motion as moot.

3

**IV.  Defendant's 2005 Catalog and the Slogans Contained Therein (Doc. No. 106)**

Defendant moves to preclude references to its 2005 rental catalog and specific slogans contained therein.  Defendant argues that since the incident at issue occurred in 2002, its 2005 rental catalog is irrelevant to the issues in this case.

Plaintiff responds that the slogans in the 2005 catalog show that Defendant imposed a duty on itself to ensure that the equipment that it rented out was proper for the lessee's intended purpose.  Plaintiff claims that it requested Defendant to produce its marketing materials in effect at the time of the incident, but Defendant failed to do so, and as a result, Defendant cannot now oppose Plaintiff's use of the 2005 catalog without producing the 2002 catalog.  The Court rejects this argument.  Plaintiff should have raised this issue in a motion to compel during the discovery period.

Plaintiff also argues that it should be allowed to use the 2005 catalog, because Defendant has not asserted that the disputed slogans were not contained in the 2002 catalog.  Again, the Court rejects this argument.  There is no evidence before the Court showing whether or not the slogans at issue were contained in the 2002 catalog.  The proper time to determine this was during discovery, not at the eve of trial.

Plaintiff also argues that the 2005 catalog should be admissible as a business record and/or party admission.  Again, the Court rejects this argument, because the catalog is irrelevant due to the fact that it does not relate to the proper time period.

The Court notes that even if the catalog was the one in effect at the relevant time, the slogans do not show that Defendant imposed a duty on itself to ensure that the equipment that it rented out was proper for the lessee's intended purpose.  The following four slogans are at issue:

4

- "Renting assures you of having exactly the right equipment for any job."
- "With us, you're also renting from knowledgeable, focused experts."
- "In every situation, you can be confident you'll always get what you need, when and where you need it . . ."
- Renting allows you to always use the exact type and size of equipment for every job, every time."

None of these slogans even imply that Defendant imposed a duty on itself to find out what the equipment was being used for in order to ensure that the proper piece of equipment was rented in situations where the customer did not ask Defendant for help selecting equipment.

Accordingly, the Court finds that the 2005 catalog and slogans contained therein are not admissible. Therefore, the Court grants this motion.

## V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's motion in limine to preclude references to his social security and worker's compensation claims (Doc. No. 111) is **GRANTED**.

(2)     Plaintiff's motion in limine to preclude any mention of the fact that he is being represented by the law firm of Morgan & Morgan, P.A. (Doc. No. 109) is **DENIED**.

(3)     Plaintiff's motion in limine to preclude references to his arrests, convictions, and incarceration (Doc. No. 110) is **GRANTED** to the extent that Defendant is precluded from making reference to the fact that Plaintiff was convicted of a misdemeanor (possession of marijuana), that his probation was revoked, or the length of time that he was incarcerated; otherwise, the motion is **DENIED**.

(4)     Defendant's motion in limine to preclude references to its 2005 rental catalog and

specific slogans contained therein (Doc. No. 106) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this ___ day of October, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6